Sutherland v. Lawless.

---

WM. SUTHERLAND, Respondent, v. P. J. LAWLESS, Appellant.

Kansas City Court of Appeals, November 5, 1894.

1. Trial Practice: CONTINUANCE: APPELLATE PRACTICE. Defendant, being a material witness in his own behalf, applied for a continuance on account of his own illness. There was a conflict of testimony as to his illness being sufficient to prevent his attendance. The trial court overruled the application. *Held*, the appellate court will not disturb the conclusion reached.

2. Appellate Practice: NEW TRIAL: CONTINUANCE: AFFIDAVIT. Where the motion for a new trial amounts to nothing but an endeavor to try again the question of fact involved in the application for a continuance, the appellate court will attach no importance to additional affidavits on the same line as those presented in support of the continuance; and will simply consider the question as it was regularly presented to the trial court.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

> *Cole & Ditty* for appellant.

(1) The affidavit and testimony of the family physician accompanying the application for continuance by defendant, showed he was unavoidably absent from the court, and the application further shows defendant to be a material witness for himself. *Hurck v. St. Louis Exposition*, 28 Mo. App. 629.  (2) The application for a continuance, on the ground of the absence of the defendant, who was a material witness on his own behalf, stands on the same footing as one made on account of the absence of any other material witness. *Gerber v. McCoy*, 23 Mo. App. 295.  The application disclosed that the presence of defendant at the trial was necessary and essential in other respects. *Gerber v. McCoy, supra.*  (3) The action of the trial court in cases of this kind is discretionary.  The discretion is a judicial one, and, as such, subject to review. *Hurck v. St. Louis Exposition, supra; Hanel v. Freund*, 17 Mo. App. 622–624; *Blanchard v. Hunt*, 18 Mo. App. 284.

> *James M. Dye* for respondent.

(1) The absence of defendant, who is a material witness in his own behalf, puts the case on the same footing as if any other witness had been absent. *Gerber v. McCoy*, 23 Mo. App. 295.  (2) Applications for continuance are addressed to the sound discretion of the court trying the cause, and the appellate court will not interfere, unless such discretion appears to have been

exercised unsoundly or oppressively. *Leabo v. Goode,*
67 Mo. 126; *State v. Carter,* 98 Mo. 176. The ruling
of the court is entitled to every intendment in its favor
and is seldom interfered with by the appellate court.
*Frederick v. Rice,* 46 Mo. 24; *Blair v. Railroad,* 89 Mo.
383; *Leabo v. Goode, supra.*

ELLISON, J.—The question involved in this appeal
is simply as to the action of the trial court in refusing
defendant's continuance on account of his sickness and
consequent alleged inability to attend the trial, he being
an important and material witness in his own behalf. The
court overruled the application and proceeded to hear
the case, which resulted in a judgment for plaintiff. The
application, passing by any objection made to its for-
mal sufficiency, was submitted to the court on an issue
made as to the fact whether defendant was or was not
able to attend the trial. The testimony of one phy-
sician was that defendant could not, on account
of the condition of his knee. The testimony of two
other physicians was that his affliction was not of such
a character as to prevent his attendance. The court
passed on the question of fact and we will not disturb
the conclusion reached.

There was a motion for a new trial made in sup-
port of which affidavits were presented. This motion
embraced the same cause for setting aside the finding
that the application for continuance itself contained.
The affidavit in its support tended strongly to establish
the inability of defendant to attend the trial. But that
was a matter which had already been submitted to the
court on the original application. There is nothing
before us to show that these affidavits, or some of sim-
ilar import, might not have been procured for the
hearing on the original application. There is no claim
of surprise or of newly discovered facts—in short, there

is nothing in the motion for new trial but an endeavor to try again the question of fact involved in the application for continuance. The affidavits on the motion for new trial are simply additional to, and on the same line of, those presented in the first instance. We, therefore, attach no importance to them and simply consider the question as it was originally presented to the trial court.

Judgment affirmed. All concur.